IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DORIS PICARDI, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 19-11098 |
| MEDIANEWS GROUP, INC. and MNG-BH ACQUISITION LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants MEDIANEWS GROUP, INC. ("MNG") and MNG-BH ACQUISITION LLC ("MNG-BH") (collectively, "Defendants") hereby remove this action from the Suffolk County Superior Court, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts based on the following supporting grounds:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

1. On or about April 16, 2019, Plaintiff, DORIS PICARDI ("Plaintiff"), filed a civil action against Defendants in the Suffolk County Superior Court, Commonwealth of Massachusetts, entitled Picardi v. MediaNews Group Inc. et al., Civil Action No. 1984CV01198 (hereinafter "State Court Action").

2. In her complaint in the State Court Action, Plaintiff asserts various claims arising out of her former employment with MNG-BH, including claims of gender discrimination in violation of Mass. General Laws c. 151B, § 4(1) (Count I), retaliation in violation of Mass.

General Laws c. 151B, § 4(4) (Count II), violations of Mass. General Laws c. 149, § 148 (Wage Act) (Count III), retaliation in violation of Mass. General Laws c. 149, § 148A (Count IV), unequal pay in violation of Mass. General Laws c. 149, § 105A (Count V), breach of contract (Count VI), and quantum meruit (Count VII).  (*See* Ex. A - Pl.'s Compl.).

## II.     GROUNDS FOR REMOVAL

3. This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that:

   (a)    Plaintiff and Defendants are citizens of different states; and

   (b)    The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Plaintiff is a citizen of the Commonwealth of Massachusetts who resides at 38 Winthrop Street, Everett, Massachusetts, County of Middlesex.  (*See* Ex. A - Pl.'s Compl. ¶ 1).

5. Defendant MNG is a foreign corporation organized under the laws of the state of Delaware, with its principal place of business in Denver, Colorado.  (*See* Ex. A - Pl.'s Compl. ¶ 2; Ex. C - Del. Div. of Corps. Entity Details).  Accordingly, MNG is a citizen of Delaware and Colorado.  28 U.S.C. § 1332(c)(1).

6. Defendant MNG-BH is a is a foreign limited liability company organized under the laws of the state of Delaware.  (*See* Ex. A - Pl.'s Compl. ¶ 3; Ex. D - Del. Div. of Corps. Entity Details).  The sole member of MNG-BH is MNG, and MNG is a citizen of Delaware and Colorado.  Accordingly, MNG-BH is a citizen of Delaware and Colorado.  *See Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006) (adopting the well-established rule that "the citizenship of a limited liability company is determined by the citizenship of all of its members"); *PhoneDOCTORx, LLC v. Healthbridge*

*Mgmt., Inc.*, No. CIV.A. 12-12281-FDS, 2013 WL 474516, at *2 (D. Mass. Feb. 6, 2013) ("The citizenship of a limited liability company . . . is based on the citizenship of all of its members.").

7. Therefore, there is complete diversity of citizenship among the parties.

8. Plaintiff has previously asserted that the amount in controversy exceeds $75,000. Additionally, in the Superior Court Action, Plaintiff seeks damages arising out of seven (7) claims, and she specifically seeks treble damages, litigation costs, and attorneys' fees in connection with two (2) of those claims. (Ex. A - Pl.'s Compl. ¶¶ 41, 47). She further alleges that her annual salary at MNG-BH was $95,000. (Id., at ¶ 10).

9. Therefore, if Plaintiff's claims are assumed to have merit,[1] the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### III.    COMPLIANCE WITH REMOVAL STATUTES

10. Defendants' Notice of Removal is timely under 28 U.S.C. §1446(b) because it has been filed within 30 days of Defendants' receipt of Plaintiff's complaint and Plaintiff's service of Plaintiff's complaint. Plaintiff first emailed Defendants a copy of the complaint on April 17, 2019. Thereafter Plaintiff purported to serve Defendant MNG-BH.

11. Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders served on Defendant MNG-BH are attached as Exhibit A. Additionally, true and correct copies of all process, pleadings, and orders sent to Defendants on April 17, 2019 are attached as Exhibit B.

12. Pursuant to 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal, will be filed with the Clerk of the

---

[1] Defendants deny liability and maintain that Plaintiff's claims wholly lack merit.

Suffolk County Superior Court, Commonwealth of Massachusetts. Plaintiff will receive a copy of the notice filed with that court.

13. Pursuant to Local Rule 81.1(a), Defendants will request certified or attested copies of all records and proceedings in the State Court Action, and certified or attested copies of all docket entries therein, including a copy of this Notice of Removal, from the Clerk of the Suffolk County Superior Court. Defendants will file the same with this Court within twenty-eight (28) days after the filing of this Notice of Removal.

## IV.     NON-WAIVER OF DEFENSES

14. By removing this case to the United States District Court for the District of Massachusetts, Defendants do not waive any available defenses, nor do Defendants make any admissions concerning the allegations made in Plaintiff's state-court complaint.

**WHEREFORE**, Defendants MediaNews Group, Inc. and MNG-BH Acquisition LLC hereby remove the above-captioned action pending in the Suffolk County Superior Court, Commonwealth of Massachusetts, to this Court.

        MEDIANEWS GROUP, INC. and
        MNG-BH ACQUISITION LLC,

        By their attorneys,

        */s/ Joseph D. Lipchitz*
        Jeffrey S. Robbins (BBO #421910)
        Joseph D. Lipchitz (BBO# 632637)
        SAUL EWING ARNSTEIN & LEHR LLP
        131 Dartmouth St., Suite 501
        Boston, MA 02116
        Tel:  (617) 723-3300
        Fax:  (617) 723-4151
        Jeffrey.Robbins@saul.com
        Joseph.Lipchitz@saul.com

DATED:  May 13, 2019

5

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed on the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on May 13, 2019.

I hereby further certify that on May 13, 2019, a true copy of the foregoing document was delivered by electronic mail and first class U.S. mail, postage prepaid, to Attorneys Robert R. Berluti and Jessica A. Mahon Scoles, attorneys for the Plaintiff, at the following address:

Robert R. Berluti, Esq.
Jessica A. Mahon Scoles, Esq.
Berluti McLaughlin & Kutchin LLP
44 School Street, 9th floor
Boston, MA 02108
RBerluti@bmklegal.com
JMahonScoles@bmklegal.com

                                         */s/ Joseph D. Lipchitz*
                                         Joseph D. Lipchitz